## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

**LEONARD POZNER,**

**Plaintiff,**

vs.                                                              Case No. 8:18-cv-2505

**UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, and SONILA KULLA TALO,**

**Defendants.**

_____/

### COMPLAINT; DEMAND FOR JURY TRIAL

Comes now Plaintiff, Leonard Pozner, by and through undersigned Counsel, and files this Complaint; Demand for Jury Trial:

### Count I.  Drivers Privacy Protection Act
### against both Defendants

### 18 U.S.C. § 2721, et seq.

1. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, based on the federal civil rights violations alleged herein.

2. Venue is proper in this Court because the violations alleged occurred within, and Defendants are located in, this Court's geographical district.

3. Plaintiff, Leonard Pozner, is a United States citizen; and, at all times relevant, a resident of Florida, has been the father of a child killed in the Sandy Hook Elementary School shooting, and has been a target by Alex Jones and Jones's extreme right-wing conspiracy co-theorists regarding the Sandy Hook shooting being a government plot that was staged to provide an excuse to confiscate assault rifles.

4. Defendant, the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter "ATF"), is a Florida municipality subject to suit in this Court.

5. Defendant, Sonila Kulla Talo, at all times relevant to this lawsuit, is an employee with the ATF, and is being sued in an individual capacity.

6. At all times relevant, Mr. Pozner owned one or more motor vehicles registered with the State of Florida Department of Highway Safety and Motor Vehicles ("DHSMV"), and has held a Florida driver license issued by DHSMV.

7. To obtain his drivers license and register his motor vehicle with DHSMV, Mr. Pozner was required to, and did, provide DHSMV with certain "personal information" as defined in 18 U.S.C. § 2725. DHSMV collected Mr. Pozner's personal information through branch offices maintained by DHSMV.

8. DHSMV entered Mr. Pozner's personal information into the computer database of motor vehicle records maintained and administered by DHSMV, consisting of records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, emergency contacts and those contacts private and highly-restricted personal information. DHSMV and the Florida Department of Law Enforcement ("FDLE") made available Mr. Pozner's personal information to law enforcement personnel throughout the State of Florida via the Driver and Vehicle Information Database ("DAVID") system.

9. Mr. Pozner knew that his telephone numbers and his home address were accessible to law enforcement officers in Florida through DAVID.

10. Mr. Pozner contacted DHSMV in late 2017 to inquire as to whether law enforcement officers or anyone else were viewing his private information. Thereafter, DHSMV provided Mr. Pozner with a report.

11. Mr. Pozner was unpleasantly surprised to discover that on September 14, 2017, Defendants had viewed his private driver's license information three times, apparently for no legitimate reason.

12. The ATF (actually or constructively) knowingly allowed and facilitated at least three instances of obtaining, disclosing, and/or using Mr. Pozner's personal information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA.

13. On at least three occasions, Defendant Sonila Kulla Talo knowingly obtained, disclosed, and/or used Mr. Pozner's personal information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA.

14. None of the accessing of Mr. Pozner's personal DAVID information by Defendants fell within the DPPA's permitted exceptions for procurement of his private information.

15. By the actions described above, Sonila Kulla Talo was acting within the course and scope of his/her employment when he/she obtained, disclosed or accessed Mr. Pozner's personal information from the DAVID system for an unlawful purpose.

16. At no time did Mr. Pozner provide his consent for any of the ATF employees to obtain, disclose or use his private information for anything but legitimate law enforcement business.

17. Intentionally obtaining, disclosing or using drivers license information without an authorized purpose is a violation of DPPA. The statute provides for criminal fines and civil penalties. 18 U.S.C. §§ 2723, 2724.

18. The DPPA provides relief for violations of a person's protected interest in the privacy of his motor vehicle records and the identifying information therein.

19. Defendants have violated Mr. Pozner's legally protected interest under the DPPA.

20. Sonila Kulla Talo willfully and recklessly disregarded the law, entitling Mr. Pozner to punitive damages under the DPPA, see 18 U.S.C. § 2724(b)(2).

21. Under the DPPA, the Plaintiff is entitled to a baseline liquidated damages award for up to $2,500 for each violation of the DPPA. 18 U.S.C. § 2721(b)(1).

22. As a result of each of the Defendants' actions as alleged in this Count, Mr. Pozner has been injured and has suffered damages, including pain and suffering, emotional distress and mental anguish, loss of capacity to enjoy life, and economic losses.

23. Mr. Pozner demands all relief that is just and equitable, including liquidated and other compensatory damages, punitive damages (against Sonila Kulla Talo only), and reasonable attorney fees and litigation costs pursuant to the DPPA.

24. In the event of default by Sonila Kulla Talo, Mr. Pozner demands $95,000.00 in liquidated damages from Sonila Kulla Talo.

### Count II.  Unlawful Searches and Breaches of Privacy against Defendant ATF only

### 42 U.S.C. § 1983

25. Mr. Pozner realleges Paragraphs 1 through 19, and states additionally or alternatively:

26. Mr. Pozner has the right to be free from unreasonable searches under the DPPA and under the Fourth Amendment of the Constitution of the United States, as applied to the states by the Fourteenth Amendment.

27. Mr. Pozner has the right to privacy under the DPPA and under the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States.

28. The ATF's actions as alleged herein violated Mr. Pozner's constitutional rights of privacy and to be free of unreasonable searches.

29. In violation of 42 U.S.C. § 1983, the ATF's violations of Mr. Pozner's constitutional and other federal rights were committed under color of law.

30. The ATF's violations of Mr. Pozner's rights are due to the ATF's policy or custom of allowing its employees to invade the privacy of, and/or conduct unreasonable searches against, people in whom the employees have an unofficial interest, including to unlawfully obtain, disclose, and/or use personal information from DAVID.

31. Additionally or alternatively, the ATF is negligent in training and/or supervising its employees who participated in the violation of Mr. Pozner's right to be free from unreasonable searches and invasions of privacy because the ATF failed to adequately train and/or supervise its employees to handle recurring situations presenting an obvious potential for such violation.

32. In light of the duties of protecting citizens against denial of the right to be free from unreasonable searches and invasions of privacy, the need for more or different training and/or supervision is and has been so obvious that the ATF is deliberately indifferent to the need for such training.

33. As a direct and proximate result of the ATF's violation of Mr. Pozner's rights as described in this Count, he has been injured and has suffered damages, including pain and suffering, mental anguish and emotional distress, economic damages, and loss of capacity to enjoy life.

34. Mr. Pozner demands all relief that is just and equitable from the ATF, including compensatory damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

## Demand for Jury Trial

Mr. Pozner demands trial by jury on all issues so triable.

Respectfully submitted by:

s/ Mark E. Tietig
Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-6960
mt@tietig.com
Attorney for Plaintiff Leonard Pozner